## US DISTRICT COURT
## DISTRICT OF DELAWARE

MARIE C SMITH

)
)
)
)

v.

Capital One auto finance

Defendants

Case No. 23-668

**COMPLAINT**

Fair Credit Reporting Act (15 U.S.C § 1681 et sq)

Plaintiff alleges that at all times material:

Demand for Jury Trial

1. This Court has jurisdiction over this action under state law and 15 U.S.C. § 1681p.

2. This Court has jurisdiction over Defendant because Defendant is a resident of Collin County, Texas.

3. Plaintiff ;Marie Smith ("Plaintiff") is a natural person residing in the State of Delaware, as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

4. Defendant ("Capital One") is Financial services company that, among other things, issues credit cards.

## FACTS.

1. Plaintiff reviewed her credit report and and noticed a number of discrepancies in his credit reports.

2. Plaintiff called the Defendant to dispute the completeness and/or accuracy of the following trade line : Capital Auto Finance;- account number 6207526703427****;  account number 6205155563810****; contained false identifying information which was in the consumer reports concerning Plaintiff prepared, maintained and published to third parties by the Defendant.

3. Plaintiff disputed the above-mentioned trade line and Informed the Defendants representative that the above reporting on the above-mentioned trade lines was false, inaccurate and incomplete. Despite raising the dispute, the Defendants negligently and/or willfully failed to investigate, delete or modify the disputed information, and provide a response to Plaintiff within 30 days of receipt of Plaintiff's dispute.

4. Defendant's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff causing her credit scores to be lowered resulting in him being denied credit or being granted credit with a much high-interest rate and has caused severe humiliation, emotional distress and mental anguish.

5. Defendant negligently and/or willfully failed to follow reasonable procedures to ensure maximum accuracy of the data in consumer reports concerning Plaintiff.

6. Defendants had the capacity to contact Plaintiff regarding the information it intends to place in consumer reports concerning Plaintiff as a procedure to assure the maximum possible accuracy of said information.

7. Defendants intentionally and/or negligently failed to contact Plaintiff regarding the information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information.

8. As a result of the conduct of the Defendants as alleged above, the plaintiff suffered severe ongoing emotional harm including and not limited to frustration, stress, anxiety, worry, damage to reputation, and economic losses including and not limited to damage to their credit, lower credit scores, and lost opportunities to receive credit, in amounts to be decided by the jury at trial, and plaintiffs incurred attorney fees and costs.

FIRST CLAIM FOR RELIEF

(15 U.S.C. § 1681n)

5. Plaintiffs re-allege paragraphs 1-14 as if fully set forth herein.

6. The Defendants willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C § 1681 et seq., including but not limited to

a) Failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C § 1681e(b);

b) Failing to comply with the re-investigation requirements in 15 U.S.C §1681i;

c) Providing plaintiffs credit file to companies without determining that these companies had a permissible purpose to obtain plaintiffs credit file pursuant to U.S.C §1681b; and

d) Failing to provide plaintiff his credit file pursuant to 15 U.S.C §1681g.

7. As a result of the Defendant's violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

8. Plaintiff is entitled to punitive damages in an amount to be determines by the jury

9. Plaintiff is entitled to actual damages in an amount to be determines by the jury in addition to any statuary damages in an amount to be determines by the Court.

10. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C §1681n(a)

### SECOND CLAIM FOR RELIEF

(15 U.S.C. § 1681o))

11. Plaintiff re-allege paragraphs 1-11 as if fully set forth herein.

12. The Defendants negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) Failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C §1681e(b);

b) Failing to comply with the re investigation requirements in 15 U.S.C §1681i;

c) Providing plaintiff's credit files to companies without determining that these companies had a permissible purpose to obtain plaintiff's credit file pursuant to U.S.C§1681b; and

d) Failing to provide the plaintiff his credit file pursuant to 15 U.S.C§1681g

13. As a result of Defendant's violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

14. Plaintiff is entitled to actual damages in an amount to be determined by the jury/

15. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C §1681o(a).

## PRAYER

Plaintiff demands a jury trial on all claims. Wherefore Plaintiff Marie C Smith prays for a judgement as follows:

1. On Plaintiffs First Claim for Relief for willful violations of the FCRA against Defendant Capital one :

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury; and,

    c. Statutory damages as determined by the court; and

    d. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendant Capital One:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs.

3. On All Claims for Relief, costs and expenses incurred in this action.

## US DISTRICT COURT

## DISTRICT OF DELAWARE

DATED:

STATE OF DELEWARE

NEW CASTLE COUNTY

I, MARIE SMITH, swear that the foregoing is a just and true statement of the amount owing by Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.

By affixing this electronic verification, oath, or affidavit to the pleading submitted to the court and attaching my electronic signature. I do swear or affirm that the statements set forth in the above pleading are true and correct.

S/MARIESMITH

208, Oakwood Pl. Middletown DE 19709

Dated: 5/17/2023

By: *Marie Smith*

Marie Smith
Email: mairesmithnyde@gmail.com
PLAINTIFF (*pro se*)

## CERTIFICATE OF SERVICE

I certify or affirm that on this date I served Defendant with a courtesy copy of the foregoing Amended Complaint via electronic email and U.S.P.S. regular mail with sufficient postage to Defendant's following address:

Respectfully submitted,

Dated: 5/17/2023
S/MARIE SMITH

By: *Marie Smith*
MARIE SMITH